## Fred J. Dubuque, III v. Department of Employment Security

[380 A.2d 79]

No. 270-76

Present: **Barney, C.J., Daley, Larrow, Billings, and Hill, JJ.**

Opinion Filed October 31, 1977

*Joel D. Cook*, Vermont Legal Aid, Inc., Burlington, for Plaintiff.

*David M. Wilson, Michael F. Ryan*, and *Marian M. Schuman* (Law Clerk on the Brief), Montpelier, for Defendant.

**Per Curiam.** Claimant Dubuque is appealing the findings and decision of the Vermont Employment Security Board.

Claimant had been paid unemployment benefits for the week ending February 7, 1976. On February 5, 1976, he was referred by the Burlington office of the Vermont Employment Service to a job with Chittenden County Volkswagen. It was a porter-handyman position paying $2.50 per hour for forty hours per week. He refused to apply for this job. These facts were found by the Claims Examiner, and sustained by the Chief Appeals Referee. Based on these facts, the Chief Appeals Referee held claimant liable for refund of the benefits paid to him for the week ending February 7, 1976, and disqualified him for future benefits until certain conditions had been met. 21 V.S.A. § 1344(a)(2)(C).

After claimant requested that the case be reopened, the Board remanded the matter to the Chief Appeals Referee for receipt of further evidence. At the subsequent hearing claimant presented a letter from the office manager of Chittenden County Volkswagen which indicated that the position to which he had been referred was filled at the time of his refusal. This evidence was admitted as an exhibit by the Chief Appeals Referee and was transferred to the Board for the appeal. The Board made no mention of the fact that the position was no longer available at the time of referral and upheld the original conclusions of the Chief Appeals Referee.

It was conceded that the porter-handyman position was not available at the time of referral. This being so, claimant could not be disqualified for refusing a referral.

21 V.S.A. § 1344(a)(2)(C) disqualifies a claimant when he has failed, "without good cause ... to apply for *available*, suitable work when so directed ...." (emphasis added). If the position at Chittenden County Volkswagen was filled at the time of claimant's refusal, it was no longer "available" as required by the statute.

*The decision of the Board is vacated, and the cause is remanded for computation of benefits in line with this decision.*